IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. **11-cv-0880-MJR-DGW** |
| ) | |
| SCHNUCK MARKETS, INC., ) | |
| COCA-COLA ENTERPRISES, INC., and ) | |
| PEPSICO, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiff Charlotte Pearson's Motion for Remand (Doc. 5). Defendant Schnuck Markets, Inc., has filed a response (Doc. 8), to which Plaintiff filed a reply (Doc. 11).

On August 8, 2011, Plaintiff Charlotte Pearson filed an action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois (Doc. 2-2). According to Pearson's complaint, she was shopping in Defendant Schnuck Markets' grocery store in East St. Louis, Illinois, when she tripped over an empty wooden pallet left in the store aisle and suffered "serious and significant injuries," which are detailed in eight paragraphs. It is further alleged that Defendants Coca-Cola Enterprises and Pepsico were both delivering soda to the store and were, in the alternative, the source of the pallet. Pearson asserts a claim of negligence against each defendant, seeking "an amount to exceed Fifty Thousand Dollars ($50,000.00) plus the costs of this suit."

Pursuant to 28 U.S.C. § 1446, on September 28, 2011, Defendant Schnuck Markets

timely removed the action to this Court, claiming subject matter jurisdiction in accordance with 28 U.S.C. § 1332, based on diversity of citizenship, and an amount in controversy exceeding the statutory minimum of $75,000, exclusive of costs and interest (Doc. 2). More specifically, Schnuck Markets asserts: Plaintiff is a citizen of Illinois; Schnuck Markets, Inc., is a corporation organized under the laws of Missouri, with its principal place of business in Missouri; Coca-Cola Enterprises, Inc., is a corporation organized under the laws of Delaware, with its principal place of business in Georgia; and Pepsico, Inc., is a corporation organized under the laws of Delaware, with its principal place of business in New York. Based on the allegations of injuries and damages described in the complaint, Schnuck Markets further claims that the amount in controversy exceeds the $75,000.00 threshold required for federal jurisdiction.

Plaintiff Pearson now moves for remand, arguing that Schnuck Markets has failed to present sufficient evidence to support jurisdiction (Doc. 5). Pearson observes that there is no affidavit, interrogatory, admission or other document supporting the assertion that the amount in controversy exceeds $75,000. Schnuck Markets counters that such documentary evidence is not required for removal; rather, the Court should be guided by a reasonable and commonsense reading of the complaint. Schnuck Markets also notes that Plaintiff has never denied that she is seeking over $75,000. In reply, Plaintiff Pearson presents a new issue, arguing that there is not complete diversity of citizenship because the principal place of business of "Pepsi-Cola General Bottlers, Inc.," is in Illinois. *See* Doc. 11-1.

As the party advocating removal of the action from state court, Defendant Schnuck Markets "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir.

2006). The jurisdictional amount has been characterized as "'a pleading requirement, not a demand for proof.'" *Bloomberg v. Service Corporation International*, 639 F.3d 761, 763 (7th Cir. 2011) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). Accordingly, a plausible, good faith estimate is all that is required to sufficiently establish the amount in controversy. *Bloomberg*, 639 F.3d at 763. Once that showing is made, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000. The amount in controversy is evaluated as of the time of removal, although events subsequent to removal may clarify what the plaintiff was actually seeking when the case was removed." *Carroll v. Stryker Corp.*, __ F.3d__, 2011 WL 3890455, *4 (7th Cir. Sept. 6, 2011) (internal citations omitted).

The complaint alleges that Pearson "was caused to suffer serious and significant injuries;" she was "made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body and limbs, both internally and externally;" her neck, shoulder, left hip and left leg were injured; she sustained injury to soft tissues of the cervical, shoulder and lumbar areas, muscles, ligaments, tendons and nerves; she is disabled by her injuries and has experienced pain and suffering, and is reasonably certain to experience pain and suffering in the future due to her injuries; and she has expended money for medical care and will be required to make expenditures for future medical care, treatment and services. Doc. 2-2 ¶¶ 9(a-h). Plaintiff values her injuries in excess of $50,000– leaving for debate whether her injuries and damages can be valued at more than $75,000.

Given the extensive, "serious and significant" injuries described in the complaint, the claimed disability, and Plaintiff's own assertion that she will have future medical expenses, as well Plaintiff's certainty that she will suffer pain and suffering in the future, it is entirely reasonable and plausible to peg the amount in controversy at more than $75,000. Plaintiff has not suggested that

3

Schnuck Markets has made its estimate in bad faith.  Moreover, Plaintiff has not shown with legal certainty that less than $75,000 is at stake.

Plaintiff contends that there is not complete diversity of citizenship because the principal place of business of "Pepsi-Cola General Bottlers, Inc.," is in Illinois.  However, Plaintiff ignores that "Pepsi-Cola General Bottlers, Inc.," is not a named defendant.  "Pepsico, Inc." is a named defendant.  Therefore, at this point in time, complete diversity has been sufficiently established, making the removal of this case from state court appropriate.[1]

**IT IS THEREFORE ORDERED** that Plaintiff Charlotte Pearson's Motion for Remand (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 31, 2011

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court will not offer an advisory opinion regarding the implications of the apparent misidentification of a defendant, the interplay between Fed.R.Civ.P. 15 and the requirements of diversity jurisdiction, and the impact of the recent entry of appearance by counsel for Pepsi-Cola General Bottlers, Inc.